(78 South. 969)

No. 21177.

SIVERD v. DUMESTRE.

(May 27, 1918.)

*(Syllabus by Editorial Staff.)*

1. HUSBAND AND WIFE ⬤➝272(5)—COMMUNITY PROPERTY — CHARACTER OF HOUSE AND LOT—SUFFICIENCY OF EVIDENCE.

In suit by a divorced wife for settlement of the community acquêts and gains existing between herself and husband during marriage, evidence *held* to show that a house and lot was bought by the husband with money loaned him by his mother for that purpose, and that the sale to his mother 15 months later was a dation en paiement in reimbursement of the money loaned.

2. HUSBAND AND WIFE ⬤➝272(5)—COMMUNITY PROPERTY—SAVINGS BEFORE MARRIAGE.

Where a husband invested in a house and lot his savings before marriage, the community,

on dissolution by divorce, owed him the purchase price of the house and lot.

3. HUSBAND AND WIFE ⊂⊃272(5)—COMMUNITY PROPERTY — CERTIFICATES OF STOCK — SUFFICIENCY OF EVIDENCE.

In suit by a divorced wife for settlement of the community of acquêts and gains that existed between her and her husband during the marriage, as to five certificates of stock in a home association, evidence *held* to show that the certificates were bought in the wife's name with money which the husband had given her *from time to time as gifts.*

4. HUSBAND AND WIFE ⊂⊃272(5)—COMMUNITY PROPERTY — COMMUNITY EXPENSE — REPAIRS.

Money expended by a husband in repairs on a house which constituted community property was a community expense to be allowed him on dissolution of community by divorce.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Suit by Mrs. Alice Siverd against John Dumestre, her husband. From judgment of dismissal, plaintiff appeals. Affirmed.

Lazarus, Michel & Lazarus and David Sessler, all of New Orleans, for appellant. Pierre D. Olivier, of New Orleans, for appellee John Dumestre. Charles J. Théard and Delvaille H. Théard, both of New Orleans, for appellee Emilie Dumestre.

PROVOSTY, J. [1, 2] The plaintiff, having obtained a divorce from her husband, sues for a settlement of the community of acquêts and gains that existed between them during their marriage. The main dispute is over a house and lot which the husband purchased during the marriage, and sold to his mother after the plaintiff had abandoned the matrimonial domicile. The testimony of defendant and of his mother and of an intelligent disinterested witness is positive to the effect that the house and lot was bought by the husband with money loaned him by his mother for making the purchase, and that the sale to the mother 15 months later was a dation en paiement in reimbursement of the money thus loaned. This testimony leaves no doubt whatever on the subject. There is against it nothing but the testimony of the plaintiff herself to the effect that this money which the husband got from his mother represented his savings before his marriage; that her husband told her so. Moreover, if this were true, the plaintiff, for all that appears, would be no better off, since the property is shown to be of the same value as when purchased, and the community would owe the husband the said purchase price, if it represented his savings before his marriage.

[3] Another important item is five certificates of stock in a homestead association of $100 each. These shares of stock were bought in the name of the wife with moneys which plaintiff says were given her by her husband from time to time as gifts, but which he says were given her merely to be invested as their common savings. The fact that the stock stood in the name of the wife, taken in connection with the further fact that she was allowed to collect them without opposition, apparently, from the husband, makes the scale preponderate in her favor.

[4] Plaintiff claims one-half of $280 expended by the husband in repairs on the house. This was a community expense on community property.

When plaintiff left the common domicile she carried away with her some of the furniture belonging to the community, and she also collected $137 belonging to the community.

The bedroom set which she says was given her as a wedding present the evidence shows was not so given.

The trial court dismissed plaintiff's suit, and also the reconventional demand.

Judgment affirmed.